IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GREENWICH INSURANCE COMPANY
and INDIAN HARBOR INSURANCE COMPANY                    PLAINTIFFS

v.                                            CAUSE NO. 1:14CV297-LG-JCG

CAPSCO INDUSTRIES, INC., et al.                         DEFENDANTS

ORDER DENYING MOTION TO
DISMISS FOR LACK OF JURISDICTION

**BEFORE THE COURT** is the Motion to Dismiss for Lack of Jurisdiction and Failure to Join Necessary Party [12] filed by the defendant, Ground Control, LLC, seeking dismissal pursuant to the ripeness doctrine and for failure to join Christopher Killion as a defendant.  The plaintiffs, Greenwich Insurance Company and Indian Harbor Insurance Company (hereafter referred to as "the Insurers"), did not file a response in opposition to the Motion, but they filed an Amended Complaint naming Killion as a defendant.  To the extent that Ground Control sought dismissal for failure to join Killion as a defendant, the Motion is moot.  The Court further finds that the Motion to Dismiss for Lack of Jurisdiction should be denied, because the Insurers' declaratory judgment action presents an actual case or controversy.

FACTS

This declaratory judgment action arises out of the Margaritaville Casino construction project.  During the project, the defendant, Ground Control, provided "labor and materials for removal or capping of existing structures and piping, installation of storm drainage piping and structures, potable water lines and

structures, and sanitary sewer lines and structures." (Def.'s Mot., Ex. 1 at ¶7, ECF No. 46). Ground Control filed a Supplemental Complaint in the Circuit Court of Harrison County, Mississippi, against the project's general contractor, Capsco Industries, Inc., and others seeking payment for services and materials provided for the project. Capsco's insurers, Greenwich and Indian Harbor, are currently defending Capsco and three additional insureds pursuant to a reservation of rights. The Insurers have filed the present declaratory judgment action, seeking a determination that they do not owe a defense or indemnity to Capsco and the additional insureds. Ground Control has filed the present Motion to Dismiss for Lack of Jurisdiction, alleging that the declaratory judgment action was filed prematurely.

## DISCUSSION

"A federal court may not issue a declaratory judgment unless there exists an actual case or controversy." *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The Fifth Circuit has explained:

> A court should dismiss a case for lack of "ripeness" when the case is abstract or hypothetical. The key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." A case is generally ripe is any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*Id.* at 896.

Generally, a declaratory judgment action concerning the duty to defend constitutes an actual case or controversy prior to the resolution of the underlying lawsuit filed against the insured. *Columbia Cas. Co.*, 542 F.3d at 110. Declaratory judgment actions concerning the duty to indemnify may also be considered prior to resolution of the underlying lawsuit if "the same reasons that would negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Id.* at 111.

Ground Control argues that this declaratory judgment action is "hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." (Def.'s Mem. at 8, ECF No. 16). It also argues that "factual determinations" must first be made in its underlying lawsuit against Capsco and the other potential insureds, although it has not specified the nature of these determinations.

In the opinion of the Court an actual case or controversy is presented by the Insurers' declaratory judgment action. The Insurers are currently providing a defense to four potential insureds in the underlying lawsuit. Under Mississippi law, "the insurer has a duty to defend when there is any basis for potential liability under the policy." *Titan Indem. Co. v. Pope*, 876 So. 2d 1096, 1101 (¶14) (Miss. Ct. App. 2004). This determination is made by comparing the allegations made in the complaint filed against the insured with the terms in the policy. *Id.* at 1100 (¶13). Thus, this Court's finding of whether the Insurers owe a duty to defend will not

hinge on any factual determinations made in the underlying lawsuit.

With regard to indemnity, under Mississippi law, the duty to defend is broader than the insurer's duty to indemnify. Therefore, this Court may also be able to make a determination as to the duty to indemnify prior to resolution of the underlying lawsuit, given that the same questions of law pertaining to the duty to defend may also impact the duty to indemnify.

## CONCLUSION

The Insurers' declaratory judgment action is ripe, because it presents an actual case or controversy. As a result, Ground Control's Motion to Dismiss must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss for Lack of Jurisdiction [12] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE