# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**GREENWICH INSURANCE COMPANY and**
**INDIAN HARBOR INSURANCE COMPANY**                     **PLAINTIFFS**

**v.**                                    **CAUSE NO. 1:14CV297-LG-JCG**

**CAPSCO INDUSTRIES, INC. and**
**GROUND CONTROL, LLC**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO LIFT STAY

**BEFORE THE COURT** is the Motion to Lift Stay [116] filed by the

plaintiffs Greenwich Insurance Company and Indian Harbor Insurance Company.

The Motion has been fully briefed by the parties. After reviewing the submissions

of the parties, the record in this matter, and the applicable law, the Court finds that

the Motion to Lift Stay should be granted as to the question of whether the insurers

have a duty to defend their insured but denied as to the question of whether they

have a duty to indemnify their insured.

## BACKGROUND

This insurance coverage dispute arose out of the Margaritaville Spa and

Hotel construction project in Biloxi, Mississippi. The Insurers issued commercial

general liability policies to one of the project's subcontractors, Capsco Industries,

Inc. Yates and Harrah's Entertainment, the project's general contractor and owner,

respectively, are classified as additional insureds under the policies. Capsco

retained a sub-subcontractor, Ground Control, "to provide labor and materials for

removal or capping of existing structures and piping, installation of storm drainage piping and structures, potable water lines and structures, and sanitary sewer lines and structures . . . ." (Supp. Compl. at 4, ECF No. 20-2). Yates terminated Ground Control's involvement with the project due to alleged safety violations and failed drug tests.

## A. UNDERLYING STATE COURT ACTION

Ground Control filed a lawsuit in state court against Capsco, Yates, Harrah's, and others involved with the project. The state court granted summary judgment in favor of Capsco, Yates, and Harrah's, and Ground Control appealed. The Mississippi Supreme Court reversed and remanded the case to Circuit Court holding that: (1) Miss. Code Ann. § 31-3-15 rendered the subcontract between Ground Control and Capsco null and void due to the parties' failure to obtain certificates of responsibility; (2) Ground Control should be permitted to proceed with a claim against Capsco for the value of what it expended in labor and supplies on the project pursuant to the doctrine of unjust enrichment and/or quantum meruit; and (3) the grant of summary judgment in favor of Yates and Harrah's was improper due to the Circuit Court's failure to give proper notice pursuant to Miss. R. Civ. P. 12(b). *See generally Ground Control, LLC v. Capsco Indus., Inc.*, 120 So. 3d 365 (Miss. 2013).

On remand, the state trial court initially granted Ground Control permission to file a supplemental complaint raising numerous tort, contractual, and statutory claims but later determined that Ground Control should only be permitted to

present evidence under a quantum meruit theory of recovery at trial. A jury awarded Ground Control $862,228 and apportioned fault as follows: 95.75% liability to Capsco, 4.25% liability to Yates, and 0% liability to Harrah's. The parties, who disputed whether Ground Control should be permitted to pursue additional claims, filed numerous post-trial motions that caused the judgment to be entered eleven months after the jury's verdict. The parties appealed, and the Mississippi Supreme Court determined that: (1) Ground Control could only pursue quantum meruit damages from Capsco; (2) Ground Control's claims against Yates and Harrah's should be dismissed; (3) because the jury's verdict was not supported by the evidence, Capsco was entitled to a remittitur; and (4) the parties could either agree to a $199,096 damages award in favor of Ground Control or proceed to a new trial on quantum meruit damages. Ground Control has indicated that it wishes to proceed with a new trial in state court.

## B. DECLARATORY JUDGMENT ACTION

While the case was on remand in state court, Capsco's insurers Greenwich and Indian Harbor filed this declaratory judgment action, alleging that they did not owe a defense or indemnity to Capsco and three additional insureds in the state court action. Ground Control filed a Motion to Dismiss alleging, inter alia, that the declaratory judgment action was not ripe, because a final judgment had not been entered in state court. The Motion to Dismiss was denied, because the question of whether the insurers owe a duty to defend can be determined based on the allegations of the complaint and the terms of the insurance policy. The Court also

noted that the insurers may be able to demonstrate that there is no duty to indemnify the insureds by demonstrating that they have no duty to defend.

The parties filed cross-motions for summary judgment that solely addressed the duty to indemnify. Because it was then unclear which claims Ground Control would be permitted to pursue in state court and it appeared that the insurers no longer disputed the duty to defend, this Court found that the parties' cross-motions for summary judgment should be denied without prejudice and the declaratory judgment action should be stayed pending the conclusion of the state court action.

Now that the Mississippi Supreme Court has definitively ruled that Ground Control can only pursue a quantum meruit or unjust enrichment claim against Capsco in state court, the insurers claim that they do not have a duty to defend Capsco in the upcoming second trial. They also assert that they have no duty to indemnify Capsco. They filed the present Motion asking the Court to lift the stay so that they can file a motion for summary judgment regarding the duty to defend and the duty to indemnify. Capsco has not made an appearance in the declaratory judgment action, but Ground Control opposes the Motion to Lift the Stay.

## DISCUSSION

"A federal court may not issue a declaratory judgment unless there exists an actual case or controversy." *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties

having adverse legal interests.'" *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

The insurers argue that Alabama law should be applied in this lawsuit. The other potential choice of law is Mississippi law. Since there is no conflict between Alabama law and Mississippi law as to the issues presented by the insurers' Motion to Lift the Stay, it is not necessary to determine the appropriate choice of law at this stage of the litigation.

Under Alabama law, the duty to defend is ripe for adjudication prior to a judgment of liability on the part of the insured, because the duty to defend is not contingent on a finding of liability on the part of the insured. *Emp'rs Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1260 (N.D. Ala. 1999). However, "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Id.* (quoting *Guar. Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514-15 (M.D. Ala. 1996)); *see also Assurance Co. of Amer. v. Legendary Home Builders, Inc.*, 305 F. Supp. 2d 1266, 1270 (S.D. Ala. 2003).

The Fifth Circuit, while applying Mississippi law, has stated:

> Unlike the duty to defend, which can be determined at the beginning of a lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all . . . . This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy.

*Estate of Bradley ex rel. Sample v. Royal Surplus Lines Ins. Co., Inc.*, 647 F.3d 524, 531 (5th Cir. 2011) (internal citations omitted). Both the Alabama courts and the

Fifth Circuit while construing Mississippi law have acknowledged that the duty to indemnify can be adjudicated where the court has determined that there is no duty to defend, because the duty to defend is broader than the duty to indemnify. *Emp'rs Mut. Cas. Co.*, 76 F. Supp. 2d at 1262; *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 198 n.6 (5th Cir. 2017).

The insurers have represented to the Court that they are now ready to address the issue of whether they have a duty to defend Capsco. Therefore, the Court finds that the stay entered on April 13, 2015, should be partially lifted so that the insurers can file a motion for summary judgment concerning the duty to defend. The lawsuit will remain stayed as to the duty to indemnify until either a final disposition of the underlying state court action or a ruling that the insurers have no duty to defend Capsco. *See Atlantic Cas. Ins. Co. v. GMC Concrete Co., Inc.*, No. 07-0563-WS-B, 2007 WL 4335499, at *6 (S.D. Ala. Dec. 7, 2007).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Lift Stay [116] filed by the plaintiffs Greenwich Insurance Company and Indian Harbor Insurance Company is **GRANTED** as to the issue of the duty to defend and **DENIED** as to the issue of the duty to indemnify

**SO ORDERED AND ADJUDGED** this the 11th day of May, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE