**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY and INDIAN HARBOR INSURANCE COMPANY** | **PLAINTIFFS** |
| **v.** | **CAUSE NO. 1:14CV297-LG-JCG** |
| **CAPSCO INDUSTRIES, INC., and GROUND CONTROL, LLC** | **DEFENDANTS** |
| **GROUND CONTROL, LLC** | **COUNTER-PLAINTIFF** |
| **v.** | |
| **GREENWICH INSURANCE COMPANY and INDIAN HARBOR INSURANCE COMPANY** | **COUNTER-DEFENDANTS** |

**ORDER DENYING GROUND CONTROL'S**
**MOTION FOR RECONSIDERATION**

**BEFORE THE COURT** is Ground Control, LLC's Motion for Reconsideration [140] of this Court's Memorandum Opinion and Order [139] granting partial summary judgment in favor of Greenwich Insurance Company and Indian Harbor Insurance Company (hereafter collectively referred to as "the Insurers") as to the duty to defend Capsco Industries, Inc., in a state court action filed by Ground Control. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

## BACKGROUND

The underlying state court action remains pending after approximately eight years of litigation, extensive motion practice, one trial, and two appeals to the Mississippi Supreme Court.[1] Ground Control sued Capsco and others seeking payment for work performed on the Margaritaville Spa and Hotel construction project in Biloxi, Mississippi. After the first appeal, Ground Control attempted to amend its complaint to add numerous tort, contractual, and statutory claims against several defendants. As a result, the Mississippi Supreme Court emphatically stated:

> Based on what transpired following our mandate in Ground Control I, we feel compelled to make ourselves very clear. The only plaintiff on remand is Ground Control. The only defendant is Capsco. The only issue is quantum meruit damages. And the only options available to Ground Control and Capsco are to agree to a $199,096 damages award or proceed to a new trial on quantum meruit damages.

*Ground Control, LLV v. Capsco Indus., Inc.*, 214 So. 3d 232, 249 (¶74) (Miss. 2017) (hereafter referred to as "*Ground Control II*"). The parties have decided to proceed to a new trial on quantum meruit damages. Ground Control has once again filed a Motion to Amend its Complaint in state court. This time, it claims that it merely wants to clarify its quantum meruit damages claims.

In this declaratory judgment action, Capsco's Insurers argued that they do not owe a duty to defend Capsco in the lawsuit filed by Ground Control because

[1] A complete discussion of the facts and procedural history of this case are included in this Court's Memorandum Opinion and Order [139] granting partial summary judgment in favor of the Insurers, which is incorporated by reference.

Ground Control's remaining claim for quantum meruit does not seek recovery for "property damage" or "bodily injury" as required by the insurance policies at issue. The Insurers also argued that Ground Control's remaining claim does not constitute an "occurrence" under the policies. It is undisputed that no "bodily injury" is alleged in Ground Control's Supplemental Complaint, but Ground Control claims that it has alleged "property damage" caused by an "occurrence." This Court granted the Insurers' Motion for Partial Summary Judgment, finding that the Insurers have no duty to defend Capsco in the state court action.[2]

**DISCUSSION**

As this Court previously explained, the policies at issue are commercial general liability (CGL) policies that require the Insurers to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'" caused by an "occurrence." (Insurers' Mot., Ex. G at 36, Ex. H at 35, ECF Nos. 131-7, 131-8). The policies further provide that the Insurers "will have the right and duty to defend the insured against any 'suit' seeking those damages." (*Id.*) "Property damage" under the policies means "[p]hysical injury to tangible property, including all resulting loss of use of that property[,]" as well as the "[l]oss of use of tangible property that is not physically injured." (Insurers' Mot., Ex. G at 49, Ex. H at 48, ECF Nos. 131-7, 131-8). Ground Control alleges that it has asserted claims for both damage to tangible property and loss of use of tangible

[2] The Court considered both the Supplemental Complaint, which currently governs the state court proceedings, as well as the proposed amended complaint in its Memorandum Opinion and Order.

property. The Court will once again discuss these types of alleged property damage separately. The parties agree that Alabama law governs this insurance dispute.

## I. DAMAGE TO TANGIBLE PROPERTY

Ground Control argues that this Court incorrectly classified its claims against Capsco as breach of contract claims. However, this Court noted the Mississippi Supreme Court's mandate that only quantum meruit claims remain multiple times in its Memorandum Opinion and Order. (Mem. Op. & Order at 3, 4, 7, & 15, ECF No. 139). It was impossible to analyze this case, however, without referencing the sub-subcontract between Capsco and Ground Control as well as Capsco's alleged failure to pay Ground Control in accordance with that sub-subcontract, because the relationship between these parties and this lawsuit itself arose out of that sub-subcontract. The Court recognizes that the Mississippi Supreme Court subsequently voided the sub-subcontract pursuant to Miss. Code Ann. § 31-3-15 and reformed Ground Control's claims as quantum meruit claims.

Ground Control also argues that this Court erred by relying on *Westfield Insurance Co. v. Nautilus Insurance Co.*, 154 F. Supp. 3d 259, 262 (M.D.N.C. 2016), because the *Westfield* decision concerned a breach of contract claim and the present case involves a quantum meruit claim. However, a quantum meruit claim is not so distinct from a breach of contract claim as Ground Control claims. The Mississippi Supreme Court has explained that "[q]uantum meruit is the measure of liability for a contract implied in law . . . ." *McLain v. W. Side Bone & Joint Ctr.*, 656 So. 2d

119, 123 (Miss. 1995).[3] It has also held that "[q]uantum meruit recovery is a contract remedy which may be premised either on express or implied contract, and a prerequisite to establishing grounds for quantum meruit recovery is claimant's reasonable expectation of compensation." *In re Estate of Smith*, 69 So. 3d 1, 7 (¶22) (Miss. 2011). The elements of a quantum meruit claim are:

> (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as reasonably notified [the] person sought to be charged that [the] plaintiff, in performing such services, was expected to be paid by [the] person sought to be charged.

*In re Estate of Fitzner*, 881 So. 2d 164, 173-74 (¶25) (Miss. 2003).

As this Court explained in its Memorandum Opinion and Order:

> According to Ground Control's Supplemental Complaint, Capsco, Yates, and Harrah's directed Ground Control to perform repairs on work that had previously been completed at the project site. (Insurers' Mot., Ex. A at 7-8 (¶¶ 12-14), ECF No. 131-1). Ground Control further asserts that it has not been compensated for these repairs. (*Id.*) Ground Control's proposed amended complaint contains similar allegations. (Ground Control's Mot., Ex. C at 6-8 (¶¶ 9-13), ECF No. 127-3).

(Mem. Op. & Order at 11, ECF No. 139). Ground Control itself did not suffer any damages as a result of damage to tangible property. Ground Control claims that it performed work and provided materials for the benefit of Capsco, but Capsco failed to pay for the work and materials provided. These quantum meruit claims are

[3] Since Mississippi law governs the underlying state court action, the Mississippi courts' explanation of the doctrine of "quantum meruit" is most applicable to the determination of whether a quantum meruit claim is analogous to a breach of contract claim, as well as the issue of whether a quantum meruit claim seeks recovery for economic loss.

purely economic in nature. Therefore, they do not constitute claims for "property damage" under the CGL policies at issue. *See Am. States Ins. Co. v. Martin*, 662 So. 2d 245, 248 (Ala. 1995) (holding the purely economic damages are not included in the CGL policy definition of "property damage").

Contrary to Ground Control's assertions, the fact that Ground Control was already performing other work at the construction site does not affect the analysis of Ground Control's claims. Furthermore, the fact that some of Ground Control's work was damaged and repaired does not affect this analysis. Ground Control's President testified that Ground Control only agreed to repair the damaged work because the general contractor promised to pay Ground Control additional funds for performing the repairs. (*See generally* Ground Control's Mot., Ex. E, ECF No. 127-6). He testified that Ground Control was not otherwise obligated to perform the repairs. (*Id.*) Thus, once Ground Control completed its work, the work was not Ground Control's property and it had no obligation to repair the damage to the work absent the separate arrangement made with the general contractor. Since Ground Control had no obligation to repair the work, it suffered no damages until after Capsco failed to pay for repairing the work.

Ground Control implies that this Court's holding would negate all claims for coverage for negligent property damage. (Ground Control's Mem. at 5, ECF No. 141). However, if Ground Control ever had a claim for negligent property damage against Capsco, that claim has been dismissed by the state court. Ground Control was hired to repair damage at a construction site, but it claims it was not paid for

that work. As the Mississippi Supreme Court explained, Ground Control can seek recovery pursuant to quantum meruit because "its 'services were rendered under the reasonable expectation that they would be paid for by' Capsco." *Ground Control II*, 214 So. 3d at 244 (¶44); *see also Ground Control, LLC v. Capsco Indus., Inc.*, 120 So. 3d 365, 372 (¶15) (Miss. 2013) ("Ground Control should not be precluded from having the opportunity to proceed in court under a claim for the value of what it expended in labor and supplies on the project.") This is a claim for economic loss, not a claim for property damage. Ground Control's request for reconsideration of its arguments concerning coverage for damage to tangible property must be denied.

## II. LOSS OF USE

Ground Control argues that the Court made improper findings of fact when it held that the claims for loss of use did not constitute an "occurrence" under the policies. This Court considered Ground Control's allegations in its proposed amended complaint, as well as testimony given by Ground Control's President.[4] The Court made no findings of fact; it merely considered Ground Control's own allegations.

The Memorandum Opinion and Order contains the following description of the loss of use allegations:

> At trial, Beaton testified that Capsco deducted funds from checks paid to Ground Control to purchase pipe from a company called Ferguson and laser sighting equipment from a company called ICM. (Ground Control's Mot., Ex. E at 677-78, 684, ECF No. 127-5). Beaton

[4] No loss of use allegations were included in the Supplemental Complaint. The testimony of Ground Control's President was reviewed at the request of Ground Control.

> testified that Ground Control did not have an agreement with Capsco to pay for the pipe and Ground Control did not purchase the pipe from Ferguson. (*Id.* at 678). He also testified that the funds for the laser were taken without Ground Control's permission, and as far as he knew, Capsco retained possession of the laser. (*Id.*) In an affidavit, Beaton claims that Capsco told him that Ground Control is the owner of the laser and promised to deliver the laser to Ground Control's office. (Ground Control's Mot., Ex. D at 11, (¶15), ECF No. 127-4). He also testified that Capsco's representatives had assured Beaton that Ground Control would retain an ownership interest in the pipe and other materials Capsco purchased from Ferguson and "that Capsco would pay Ground Control for its interest in these materials once the outstanding pay applications were paid by Yates." (*Id.* at 9 (¶9)).
>
> In its proposed amended complaint, Ground Control alleges that "Capsco arbitrarily and without consent deducted from these vested earnings the sum of $358,367.98 for the purchase of the piping material." (Ground Control's Mot., Ex. C at 8 (¶14), ECF No. 127-3). It further alleges that "Ground Control suffered the loss of this piping material and its use when its [sic] was transferred by Capsco without any compensation or reimbursement to Ground Control for its interest in these materials." (*Id.* at 9 (¶14)). The proposed amended complaint contains similar allegations concerning the laser sighting device. (*Id.* at 9 (¶15)).

(Mem. Op. & Order at 13-14).

The policies provide that an "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Insurers' Mot., Ex. G at 48, Ex. H at 48, ECF Nos. 131-7, 131-8). The Alabama Supreme Court has accepted the following definitions of "accident": (1) "[a]n unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated;" and (2) "something unforeseen, unexpected, or unusual." *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1012 (Ala. 2005).

Ground Control is now attempting to classify its alleged loss of use allegations as negligent or reckless misrepresentation claims, but none of Ground Control's allegations, even in its proposed amended complaint, resemble allegations of negligent or even reckless misrepresentations.[5] Ground Control now claims that there is "neither any evidence nor substantiated allegations that Capsco intentionally divested Ground Control of this property." (Mem. at 18, ECF No. 141). However, deducting funds without permission to purchase materials without repayment cannot reasonably be considered an accident. Ground Control has not alleged that Capsco accidentally deducted funds from its payments or accidentally made false promises. It alleges intentional conduct: that Capsco took its money, used the money to buy equipment without permission, and refused to either refund the money or deliver the equipment to Ground Control. Therefore, Ground Control's request for reconsideration of its arguments concerning loss of use must be denied.

## III. REQUEST FOR AMENDMENTS TO MEMORANDUM OPINION AND ORDER

In its Motion, Ground Control asserts that:

> the Court's Memorandum Opinion and Order should be corrected in order to accurately reflect i) the negligence claims asserted by Ground Control, ii) the preclusion by the Mississippi Supreme Court of any claims for breach of contract or other contractual claims by Ground Control for expectation damages due under its contract with Capsco, and iii) the case law governing CGL claims for unintentional property damage caused by an insured contractor that would allow recovery by Ground Control for such damages in this instance.

[5] As explained previously, the state court has refused to allow Ground Control to assert tort claims against Capsco.

(Ground Control's Mem. at 3, ECF No. 141). Although these requests for amendment overlap with some of the arguments previously addressed, the Court will discuss these requests separately for the sake of clarity.

As for the first request, the Court cannot amend the Memorandum Opinion and Order to reflect that Ground Control has filed negligence claims because there are no such claims. The Mississippi Supreme Court refused to allow Ground Control to amend its Supplemental Complaint to add tort claims. The only remaining claim is a quantum meruit claim.

Second, it is not necessary to amend the Memorandum Opinion and Order to reference the "preclusion by the Mississippi Supreme Court of any claims for breach of contract or other contractual claims by Ground Control for expectation damages due under its contract with Capsco," because that fact was repeatedly stated in this Court's Memorandum Opinion and Order. (*See* Mem. Op. & Order at 3, 4, 7, & 15, ECF No. 139).

The third request is to amend the Memorandum Opinion and Order to add "case law governing CGL claims for unintentional property damage caused by an insured contractor that would allow recovery by Ground Control for such damages in this instance." It is unclear what case law Ground Control is referring to in this instance, but the Court assumes that Ground Control is referring to the cases cited on pages 13 through 16 of Ground Control's Memorandum. All of those cases are distinguishable. In the present case, Ground Control has not alleged that Capsco caused the damage to the work or that it owned the tangible property that was

damaged. Furthermore, Ground Control has not asserted any claims for diminution in value.

In its pleadings, Ground Control frequently claims that the alleged "property damage" at issue was caused by Capsco and "other insureds." Neither Ground Control's Supplemental Complaint nor its proposed amended complaint contain allegations that Capsco damaged tangible property. Ground Control also has not produced evidence that Capsco damaged tangible property. Ground Control has alleged that the other companies damaged property at the Margaritaville project, but those companies were either dismissed by the state court or they were never sued at all. The sole question at issue in the Insurers' Motion for Partial Summary Judgment was whether the Insurer had a duty to defend Capsco — not other entities that are not parties to the state court lawsuit — against Ground Control's quantum meruit claim.

For the reasons stated previously in this Order and in the Court's prior Memorandum Opinion and Order [139], Ground Control has no claims for unintentional property damage caused by an insured contractor; it merely has claims for failure to pay, pursuant to the doctrine of quantum meruit, for work performed and materials provided. Therefore, this third request for an amendment of the Memorandum Opinion and Order is without merit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Ground Control, LLC's Motion for Reconsideration [140] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of September, 2017.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE